46 F.3d 1128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence Sheldon JUPITER, a/k/a Star, Defendant-Appellant.
 No. 94-5041.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 19, 1995.
Decided: Feb. 9, 1995.
 
 Walter Franklin Green, Green & O'Donnell, Harrisonburg, VA, for appellant.
 Robert P. Crouch, Jr., United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Roanoke, VA, for appellee.
 Before WILKINS and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Clarence Sheldon Jupiter ("Star") was convicted by a jury of conspiracy to possess with intent to distribute and to distribute cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1994), and ten counts of distribution of cocaine, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994), 18 U.S.C. Sec. 2 (1988). He appeals the life sentence he received, contending that the district court clearly erred in determining that he was responsible for more than five kilograms of crack cocaine. United States Sentencing Commission, Guidelines Manual Sec. 2D1.1 (Nov.1993). We affirm.
 
 
 2
 The trial testimony of co-conspirators Hayden Goddard ("Panama"), Arnold Williams ("Trinny"), Bertrill Roberts ("Mark"), and Sherwin Singh ("Super") established that Jupiter was the head of a cocaine conspiracy from about October 1991 to January 1993. Depending on demand, one or two trips were made from the Harrisonburg, Virginia, area to New York City each week by various participants and approximately four ounces (one-eighth of a kilogram) of cocaine powder was brought back on each trip. Jupiter personally cooked the cocaine into crack and distributed it through his organization.
 
 
 3
 During the sentencing hearing, the district court heard additional testimony from these witnesses, and reviewed the post-arrest statements of Williams, Roberts, and Singh. A chemist testified that one kilogram of cocaine powder would convert to between 649.7 grams of crack and 365 grams of crack, depending on the quality of the materials used and the skill of the person making the crack.
 
 
 4
 The district court used the low figure of 365 grams of crack per month, multiplied it times sixteen months, and determined that 5.8 kilograms of crack was attributable to Jupiter. That amount of crack translates into a base offense level of forty. With enhancements for a leadership role and the presence of firearms, Jupiter's final offense level was forty-six, mandating a life sentence. We review the court's determination of the crack amount for clear error, United States v. Brooks, 957 F.2d 1138, 1148 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992), and find that it was amply supported by the record, despite some inconsistencies in the testimony of the witnesses. See USSG Sec. 2D1.1, comment. (n.12) (when the amount of drugs seized does not reflect scale of offense, court shall approximate quantity of drugs).
 
 
 5
 The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.